E-FILED
Wednesday, 02 December, 2009  02:18:46 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| DANIEL  ROBERT HAMILTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.  09-cv-1388 |
| | ) | |
| DON E. KIMMEL, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

On November 20, 2009, this Court received a Petition for Writ of Habeas Corpus from Petitioner, Daniel Robert Hamilton.  (Doc. 1).  Concurrently with his Petition, Petitioner filed an Application to Sue or Defend as a Poor Person, which the Court construes as a Motion for Leave to Proceed in forma pauperis.  (Doc. 2). For the reasons stated below, Respondent will be ordered to answer or otherwise respond to the Petition, and Petitioner will be allowed to proceed without prepayment of court fees.

### PETITION FOR HABEAS CORPUS

Petitioner, who is an inmate at the Pontiac Correctional Center, seeks relief under 28 U.S.C. § 2254.  He states that he was convicted of residential burglary after a jury trial in the Circuit Court for the First Judicial Circuit, in Jackson County Illinois, on August 26, 2003, and was sentenced to 12 years.  In the instant habeas petition, Petitioner alleges that his imprisonment is unlawful "because the jury disregar[d]ed Judge Dan E. Kimmel['s] jury instructions about the 3

proposition[s] that will prove my innonence [*sic*] beyond a reasonable doubt." (Doc. 1 at 5). On the final page of his Petition, Petitioner again repeats this allegation, and refers to the "perjurer Mr. Imram Faizi along with the complaintant." (Doc. 1 at 8).

Petitioner does not appear to claim that Judge Kimmel's instructions were erroneous. Rather, reading the Petition liberally, it appears that Petitioner makes two constitutional claims. First, he appears to allege a violation of the Fourteenth Amendment's requirement that the trier of fact find all elements of a crime beyond a reasonable doubt. In Jackson v. Virginia, the Supreme Court held that "it is clear that a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim." 433 U.S. 307, 320 (1979) (citing In re Winship, 397 U.S. 358 (1970)). Here, Petitioner alleges that the jury disregarded the trial court's instructions in finding him guilty -- this can be read as a claim that the jury could not rationally have found him guilty beyond a reasonable doubt.

Second, though it is more tenuous, Petitioner's reference to perjury may indicate a claim that the prosecution knowingly relied on perjured testimony, in violation of the Fourteenth Amendement. Napue v. People of State of Illinois, 360 U.S. 264, 269 (1959) ("[A] conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment....The same result obtains when the State, although not soliciting false

evidence, allows it to go uncorrected when it appears."); <u>Simental v. Matrisciano</u>, 363 F.3d 607, 615 (7th Cir. 2004).  Because Petitioner appears to raise two potential Constitutional claims, and the Court cannot say that they are without merit, Respondent will be ordered to respond to the Petition.

### MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has filed an Application to Sue or Defend as a Poor Person, which is the Illinois version of a federal Motion for Leave to Proceed in forma pauperis.[1] (Doc. 2).  As Petitioner is proceeding *pro se*, the Court will construe the Application liberally, as a federal Motion for Leave to Proceed in forma pauperis under 28 U.S.C. § 1915.  The Application is supported by an affidavit,[2] and contains the information that is required by 28 U.S.C. § 1915(a)(1).  In addition, the Court has received a copy of Petitioner's trust fund account ledger for the last six months from the Pontiac Correctional Center, as required by 28 U.S.C. § 1915(a)(2).[3]

Petitioner's affidavit states that he is unemployed and has no income.  In addition, though family members are listed as sources of other support, Petitioner

---

[1]     In filling out the form for the Application, Petitioner included the caption for the Circuit Court for the First Judicial Circuit in Jackson County, Illinois, and a case number that is not from this Court.

[2]     Petitioner's statement is accompanied by a "Verification" under 735 ILCS 5/1-109, which provides for "self-notarization" under penalty of perjury, in substantial similarity to 28 U.S.C. § 1746.

[3]     This trust fund account ledger is not certified, as required by § 1915(2).  This is because the ledger was sent to the Court by the officials of the Pontiac Correctional Center in response to a letter from the Clerk of the Court requesting the ledger, as Petitioner had not included it.  (Doc. 3).  Because the ledger came directly from the prison officials, and in the interest of moving forward with this matter, the Court will assume that it is accurate, and will excuse the lack of certification.

has received no income in the previous year.  He states that he owns a vehicle worth a "couple thousand," and that his prison trust account has "allegedly -- hundred some dollars."  There has been only one transaction in Petitioner's trust fund in the last six months, an expenditure of $118.69; Petitioner also owes $15.68 in legal postage and library copying fees.  Petitioner's trust account statement shows that he has a negative balance of $134.37.  (Doc. 4).  Therefore, Petitioner will be allowed to proceed without prepayment of fees.

However, § 1915(b) requires Petitioner to pay an initial filing fee that equals 20% of his average deposits or 20% of his average monthly balance for the preceding 6 months, whichever is greater, and to thereafter make monthly payments of 20% of his monthly income until his full filing fee is paid.  As discussed above, Petitioner's account has had a zero or negative balance for the past six months, and he has had no deposits in that period.  As such, Petitioner is excused from paying an initial filing fee under § 1915(b)(1).  Pursuant to § 1915(b)(2), each time the balance in Petitioner's account exceeds $10.00, Petitioner's custodian shall forward to the Clerk, in monthly payments, 20% of the preceding month's income credited to Petitioner's account, until the full $5.00 filing fee is paid.


IT IS THEREFORE ORDERED:

1.    The Clerk SHALL serve a copy of the Petition (Doc. 1) upon Respondent, by certified mail.

2.      Respondent SHALL file an answer or responsive pleading within sixty (60) days after service of the Petition.  Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally barred.   In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

3.      Petitioner MAY file a reply to Respondent's responsive pleading within 30 days of being served with Respondent's responsive pleading.

4.      Petitioner SHALL serve upon the Respondent a copy of every further pleading or other document submitted for consideration by the Court.

5.      Petitioner's Motion to Proceed in forma pauperis (Doc. 2) is GRANTED, and Petitioner is EXCUSED from paying an initial filing fee.

6.      Each time the balance in Petitioner's account exceeds $10.00, Petitioner's custodian SHALL forward to the Clerk, in monthly payments, 20% of the preceding month's income credited to Petitioner's account, until the full $5.00 filing fee is paid.


Entered this 2nd day of December, 2009.


                              s/ Joe B. McDade
                    _____
                         JOE BILLY McDADE
                       United States District Judge