# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| DANIEL ROBERT HAMILTON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DON E. KIMMEL[1], )<br>)<br>Respondent. )<br>) | Case No.  09-cv-1388 |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner Daniel R. Hamilton's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  For the following reasons, the Petition is DENIED.

### PROCEDURAL HISTORY

In 2003, Petitioner was convicted of residential burglary in the Circuit Court of Jackson County and sentenced to twelve years in prison.  (Doc. 1).  On direct appeal, Petitioner argued that the trial court (1) deprived him of a fair trial by requiring him to wear a stun belt, and (2) failed to make a proper inquiry into his *pro se* motion seeking new counsel following conviction.  (Docs. 1 & 14).  The appellate court affirmed and the Illinois Supreme Court denied leave to appeal.

---

[1] According to Respondent, Petitioner has been released from imprisonment and is serving a term of supervised release.  As such, Warden Kimmel is no longer the proper respondent, and should be substituted for Chief of Parole Jesse Montgomery. *See Jones v. Cunningham*, 371 U.S. 236.  However, because, as will be discussed below, the Petition is barred due to procedural default, this is a moot point.

In 2005, Petitioner filed a *pro se* petition for state post-conviction relief. (Doc. 1). In his petition he challenged, amongst other things, that the State had failed to meet its burden of proof, and that the government's key witness perjured himself. (Doc. 1). The trial court appointed counsel to clarify the issues, however no amended petition was filed and the trial court dismissed the petition. (Doc. 14). The appellate court affirmed the dismissal, and the petitioner did not seek review in the Illinois Supreme Court. (Doc. 1). Petitioner states that he did not seek such review because he "realized the Petition for habeas corpus for my immediate release would serve the purpose." (Doc. 1).

On November 11, 2009, Petitioner filed the instant action in this Court. In his Petition, he appears to allege that 1) the evidence was insufficient to support his conviction, and 2) the State knowingly relied on perjury by a key witness. (Doc. 5). Respondent answers that Petitioner's claims are procedurally defaulted because he failed to properly exhaust his federal claims in state court by not raising the claims in a Petition for Leave to Appeal to the Illinois Supreme Court. (Doc. 14).

## LEGAL STANDARD

The procedural default doctrine provides that "federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds." *Dretke v. Haley*, 541 U.S. 386, 392-393 (2004). The doctrine is created "[o]ut of respect for finality, comity, and the orderly administration of justice" and prevents this Court from entertaining such claims unless there is a showing of cause and prejudice. *Id*. at 388.

A petitioner's claims can also be procedurally defaulted if he fails to fairly present the claims to the state courts. That is, "a prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This principle requires a petitioner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. In Illinois, Petitioner is required to appeal to the Illinois Court of Appeals and then raise each ground for relief in a Petition for Leave to Appeal before the Illinois Supreme Court. *Guess v. McCann*, 474 F.3d 926, 929-930 (7th Cir. 2007). In presenting his claims, Petitioner must "place[] both the operative facts and the controlling legal principles before the state courts" and present substantively similar claims through each round of review. *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001).

If Petitioner's claims are procedurally defaulted, they will be barred from federal review unless Petitioner demonstrates cause for the default and actual prejudice as a result. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003). To establish "cause," Petitioner must show that some objective external factor impeded him from pursuing his claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). For example, "a showing that the factual or legal basis for a claim was not reasonably available . . . or that 'some interference by officials' . . . made compliance impracticable." *Id.* A habeas petitioner's *pro se* status does not constitute adequate cause, *Harris*, 334 F.3d at

3

668; *Barksdale v. Lane*, 957 F.2d 379 (7th Cir. 1992), nor does his ignorance of the law and procedural requirements for filing an appeal. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

There is a narrow exception from the "cause and "prejudice" test if Petitioner "can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense." *Dretke v. Haley*, 541 U.S. 386, 388 (2004). In order to show actual innocence, Petitioner must point to new evidence that makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536 (2006) (*quoting Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Such evidence includes "documentary, biological (DNA), or other powerful evidence," *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005); a self-serving statement of the Petitioner alleging actual innocence is not enough. *Hubbard v. Pinchak*, 378 F.3d 333, 340-41 (3d Cir. 2004).

## DISCUSSION

Here, Petitioner did not properly seek Leave to Appeal the issues raised in his current Petition to the Illinois Supreme Court, either on direct appeal or post-conviction attack. On direct appeal, Petitioner only argued that he was prejudiced by being forced to wear a stun belt and that the trial court erred in not more fully considering his petition to appoint new counsel. (Docs. 1 & 14). Further, while he may have raised the issues argued here as part of his post-conviction attack, he did not take that attack all the way to the Illinois Supreme Court. Because Petitioner

4

failed to invoke a complete round of Illinois' appellate review process with regards to either of the claims made in this Court, his claims are procedurally defaulted. *See Coleman*, 501 U.S. at 750; *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008).

Further, Petitioner has failed to show any sufficient cause for why he did not seek review at the Illinois Supreme Court. His stated justification for why he did not bring his post-conviction attack to that level is that he realized the instant Petition would serve the same purpose. (Doc. 1 at 3). As this was Petitioner's own decision, it does not constitute an objective, external factor which impeded him from pursuing the claim in state court. *See Carrier*, 477 U.S. at 488. In addition, as this previously noted, Petitioner's own *pro se* status, and/or ignorance of the law are not sufficient to constitute cause. *Harris*, 334 F.3d at 66; *Bonilla*, 370 F.3d at 498.[2]

Nor has Petitioner shown that he was actually innocent of the crimes for which he has been convicted. In his Petition, Petitioner alleges that that he is being unlawfully held because the jury disregarded the judge's jury instructions regarding "the 3 proposition" that would prove his innocence beyond a reasonable doubt. (Doc. 1 at 5). While Petitioner also states that this is "with proof or evidence!" he points to no such evidence in his Petition that would indicate that he is actually innocent of the crime for which he was convicted. Because Petitioner has not pointed to any new evidence that would make it more likely than not that no reasonable juror could find him guilty beyond a reasonable doubt, his Petition does not fall under the

---

[2] Because Petitioner has failed to show cause, the Court need not consider the second prong of the test, whether he has been prejudiced by not being able to raise the claims.

"actual innocence" exception to the procedural default test. *See Haley*, 541 U.S. at 388.

Accordingly, as Petitioner's claims are procedurally defaulted by his failure to raise them to the Illinois Supreme Court, and he has neither shown cause for this failure and prejudice therefrom, nor that he is actually innocent of the crime for which he was convicted, he is barred from raising his federal claims in this Court.

## CONCLUSION

For the foregoing reasons, Petitioner Daniel R. Hamilton's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is DENIED.  IT IS SO ORDERED.  CASE TERMINATED.


Entered this <u>23rd</u> day of September, 2010.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                                  United States Senior District Judge